**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------X

MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES   :
OF THE BUILDING SERVICE 32BJ HEALTH FUND,   :
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,   :   Civil Action No.
THE THOMAS SHORTMAN TRAINING, SAFETY AND   :   25-CIV-02558
SCHOLARSHIP FUND AND THE CONNECTICUT DISTRICT   :        (KFP)
PENSION FUND, AND THEIR BOARD OF TRUSTEES   :
  :
                    Petitioners,   :
  :
    -against-   :
  :
COASTAL CLEANING LLC   :
                Respondent.   :
  :

---------------------------------------------------------------------------------X

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>MOTION FOR SUMMARY JUDGMENT AND FOR CONFIRMATION OF</u>
## <u>ARBITRATION AWARD</u>

RAAB, STURM & GANCHROW, LLP
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
T: (201) 292-0150
F: (201) 292-0150

*Attorneys for Petitioners, Manny Pastreich, As Trustee and the*
*Trustees of the Building Service 32BJ Health Fund, Building Service 32BJ*
*Legal Services Fund, The Thomas Shortman Training, Safety and Scholarship Fund*
*And The Connecticut District Pension Fund, and Their Board of Trustees*

On the Brief: Maura Breen

# **TABLE OF CONTENTS**

**Page #'s**

Table of Authorities.................................................................................................II

Preliminary Statement.............................................................................................1

INTRODUCTION....................................................................................................1

FACTS.....................................................................................................................3

ARGUMENT............................................................................................................6

      Point I-     Summary Judgment is Appropriate.......................................................6

      Point II-    The Funds Are Entitled to the Full Gamut of Relief Mandated by ERISA.......7

      Point III-   The Funds Are Entitled to the Full Gamut of Relief Mandated by the
                  Collective Bargaining Agreement.................................................10

      Point IV-   The Respondent's Defenses to the Funds' Claims for Missing
                  Information and Failure to Pay the Required Contributions
                  are Extremely Limited..................................................................11

      Point V-    The Arbitrator's Award Must Be Confirmed.................................12

CONCLUSION......................................................................................................14

CERTIFICATION.................................................................................................16

# TABLE OF AUTHORITIES

Pages #'s

Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998)    7

Alvenus Shipping Co. v. Delta Petroleum (USA), 876 F. Supp. 482, 487
(S.D.N.Y. 1994)    12

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct.2505, 91 L.Ed.2d 202 (1986)    7

Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies Corp., 814 F.2d 102, 104
(2d. Cir. 1987)    10

Benson v Brower's Moving and Storage Inc., 907 F3d 310, 314 (2nd Cir. 1990)    11,12

Bldg. Serv. 32BJ Health Fund v. S&A Bldg. Servs., LLC, SDNY Docket No. 12-CV-3714,
2013 U.S. Dist. LEXIS 57246 (S.D.N.Y. April 17, 2013)    12

Board of Trustees v. Dibella Roofing, Inc.  2005 U.S. Dist. Lexis 30146*12
(E.D.N.Y. October 26, 2005)    11

Bricklayers District Council Welfare Fund v. Pony Masonry Construction Co., Inc., 1995
U.S. Dist. Lexis 17501 (S.D.N.Y.  November 21, 1995)    10

Brentwood Med. Assocs. v. United Mine Workers, 396 F.3d 237, 240-41 (3d Cir. 2005)    13

Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999)    10

Building Service 32 B-J Health Fund v. Laro Service Systems, S.D.N.Y. Docket No.
05-CV-2547, 2005 U.S. Dist. LEXIS 48429 (S.D.N.Y. July 18, 2005)    11

Carriers Container Council v. Mobile S.S. Associates, 896 F.2d 1330 (11 Cir. 1990).    8

Carpenters Amended & Restated Health Benefit Fund, 767 F.2d at 1171-75 (5th Cir. 1985)    9

Carpenters Health Benefit Fund v. Ryan Construction Co., 767 F.2d 1170 (5 Cir. 1985)    8

Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)    9

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)    7

Central States v. Hester, 1984 U.S. Dist Lexis 15454*5-6 (N.D. Ill July 6, 1984.)    11

Central States, Southeast & Southwest Areas Pension Fund v. Admiral Merchants, Motor Freight, Inc., 511 F. Supp. 38 (D. Minn. 1980)    10

Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co., 522 F. Supp. 919, 921-923 (E.D. Mich. 1981):    8

Central States Southeast & Southwest Areas Pension Fund v. Jack Cole- Dixie Highway Co., 642 F.2d 1122 (8th Cir 1981)    10

Chartier v. J & F Management Corp., 1992 U.S. Dist Lexis 17853 (S.D.N.Y. November 25, 1992)    11

Communication Workers of America v. Nynex Corp., 898 F.2d 887,891 (2d Cir. 1990)    10

Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009)    7

D.C. Paving Indus. Trust v. Jones & Artis Co., 2 e.b.c. 2227 (D.C. 1981)    11

Demolition Workers Union Local 95 Insurance Annuity and Pension Funds v. Mackroyce Contracting Corp. 2000 U.S. Dist Lexis 3548*27 (S.D.N.Y. March 22, 2000)    11

First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)    7

Florasynth v. Picholz, 750 F.2d 171, 176 (2d Cir. 1984)    13

Freeman v. Pittsburgh Glass Works, 709 F.3d 240, 251 (3d Cir. 2013)    13

Gilles v. Burton Constr. Co., 736 F.2d 1142, 1146 n.6 (7th Cir. 1984)    8,9

Gould v. Lambert Excavating, Inc. 870 F.2d 1214 (7th Cir. 1989)    12

Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008)    13

Hotel Employees & Restaurant Employees v. Caucas Club, 754 F. Supp. 539 (E. D. Mich 1991)    9

IBEW No. 910 Welfare, Annuity & Pension Plan v. Dexelectronics, Inc., 98 F. Supp.2d 265, 271 (N.D.N.Y. 2000)    12

Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)    9

Iron Workers Dist. Council v. Hudson Steel, 68 F3d 1502, 1506 (2d Cir. 1995)    8

Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502
(2d Cir. 1995)                                                                          6

Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (citing Celotex Corp., 477
U.S. at 322-23)                                                                         7

King v. Nelco Industries 1996 U.S. Dist. Lexis 22521 (E.D.N.Y. October 29, 1996)       11

Laborers Fringe Ben. Funds– Detroit & Vicinity v. Northwest Concrete & Constr., Inc
640 F.2d 1350 (6th Cir 1981)                                                            9

Laborers Fringe Benefit Funds v Northwest Concrete and Construction Inc., 640 F.2d 1350
(6th Cir.  1981)                                                                        11

LaForest v. Former Clear Air Holding Company, 376 F.3d 48 (2d Cir. 2004)               11

Lewart v. Woodhull Care Center Associates, 549 F.Supp.879 (SDNY 1982)                   8

Matsushita Elec. Indust Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89
L.Ed.2d 538 (1986)                                                                      6

McCrory v. G.C. Monaco Electric, Inc., 1989 U.S. Dist Lexis 7573 (S.D.N.Y. July 5, 1989)  11

News Am. Publ'ns, Inc. v. Newark Typographical Union Local 103, 918 F.2d 21,
24 (3rd Cir. 1990)                                                                      13

Teamsters Local 177 v. United Parcel Serv., No. 19-3150, 2020 WL 4009998, at *5
(3d Cir. July 16, 2020)                                                                 13

Trs. of the Bldg. Serv. 32B-J Health Fund v. Triangle Servs., S.D.N.Y. Docket No. 05-2546,
2006 U.S. Dist. LEXIS 85612 (S.D.N.Y. November 21, 2006)                                10

Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Innovative
Furniture Installations, SDNY Docket No. 14-CV-2508, 2015 U.S. Dist. LEXIS 46441
(S.D.N.Y. April 9, 2015)                                                                7

United Steelworkers v. Am. Mfg. Co., 363 U.S. 564, 568 (1960)                          14

Van drivers Union Local No. 392 v. Neal Moving and Storage, 551 F. Supp. 429, 431
(N.D. Ohio 1982)                                                                        11

### Statutes

Section 515 of Employee Retirement Income Security Act of 1974 ("ERISA",
29 U.S.C. section 1145......................................................................................................6

Section 502 (g) of ERISA, 29 U.S.C. § 1132 (g)............................................................7

Federal Arbitration Act:
("FAA') 9 U.S.C. Sections 9, 10 and 11........................................................................14

Labor Management Relation Act ("LMRA")
29 U.S.C. § 185 and §9 of the Federal Arbitration Act and pursuant to 9 U.S. C. Section 9....5, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES   :
OF THE BUILDING SERVICE 32BJ HEALTH FUND,       :
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,    :
THE THOMAS SHORTMAN TRAINING, SAFETY AND    :
SCHOLARSHIP FUND AND THE CONNECTICUT DISTRICT  :     25-CIV-02558
PENSION FUND, AND THEIR BOARD OF TRUSTEES      :        (KFP)
                                                        :

                                Petitioners,      :

                                                :

         -against-                             :

                                              :

COASTAL CLEANING LLC                          :

                          Respondent.     :

                                              :

---------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT AND FOR CONFIRMATION OF
## ARBITRATION AWARD

Plaintiffs, Manny Pastreich, As Trustee, and the Trustees of the Building Service 32BJ

Health Fund, the Building Service 32BJ Legal Services Fund, the Thomas Shortman Training,

Safety and Scholarship Fund, and the Connecticut District Pension Fund, and their Board of

Trustees, ( the "Petitioners" and/or the "Funds" ) herein, by their attorneys, Raab, Sturm &

Ganchrow, LLP, submit the following Memorandum of Law In Support of the  Petitioners'

Motion for Summary Judgment and for Confirmation of the Arbitration Award, as follows:

## INTRODUCTION

The underlying action began when Petitioners filed an arbitration against the Respondent,

in accordance with the collective bargaining agreement, between Respondent and the Service

Employees International Union Local 32BJ (the "Agreement"). At arbitration, the Petitioners

1

sought an Award, directing Respondent to submit the monetary amounts, which are past due to the Petitioners, for benefit contributions due to the Funds based on the information supplied by the Respondent; and for certain other monetary amounts due to the Funds for employee benefits related to certain missing hours worked by the Respondent's employees, to Petitioners. The missing hours worked are required from Respondent, so the Petitioners' online system can calculate what additional employee benefit contributions, if any, are due to Petitioners, from Respondent, for contributions due pursuant to the union Agreement and under ERISA, and to compel a contributing employer, Coastal Cleaning LLC, (the "Respondent"), to pay the Funds the delinquent benefit contributions due to the Funds, plus the interest and liquidated damages due on those contributions, and to submit the missing information to the Funds; and to pay the Funds the delinquent contributions owed for those contributions on behalf of Respondent's employees covered under the Collective Bargaining Agreement ("the Agreement") with Service Employees International Union, Local 32BJ ("Union").

In addition to the potential past due principal contributions due, which would be based on the missing hours worked, the Funds also demanded the statutory and contractual penalties due on that principal, including liquidated damages, interest, costs and attorneys' fees. The instant application seeks summary judgment against Respondent and confirmation of the Award dated March 10, 2025. The Award directs the Respondent to pay Petitioners for the unpaid contributions due to Petitioners as stated in the Award, and for the missing hours worked by Respondent's employees, for the months listed on the missing hours report. A copy of the Missing Hours report was submitted, into evidence at arbitration. The Funds believe they are entitled to summary judgment on the issue of liability as to the amounts set forth in the Award;

2

and on the issue of the Funds' entitlement to the confirmation of the arbitration Award, which includes the Petitioners' contractual remedies and mandatory ERISA penalties of prejudgment interest, liquidated damages, an assessment of the Funds' reasonable attorney's fees and costs of the litigation.

## FACTS

The facts are set forth in the accompanying affidavit of Thomas Ormsby, the affidavit of Maura Breen, and in the Petitioners' Statement of Material Undisputed Facts submitted pursuant to Federal Rule 56.1. and the court's rules of practice. Same are incorporated by reference herein. A brief summary of the facts is set forth below.

The Union and Coastal Cleaning LLC, the Respondent herein, (the "Respondent ") at all relevant times herein, were parties to various union agreements (the "Agreement"), (see the Affidavit of Thomas Ormsby, paragraphs 17-20, see also and Exhibits "B", "C" and "D" thereto). The Agreements covered the service employees of the Respondent, who were performing cleaning and maintenance work, at certain facilities and buildings located in and around the State of Connecticut (See Ex. "B," Article 1, on pages 1-3). The union Agreement requires, for all eligible employees performing bargaining unit work, that the Respondent make contributions to the respective Funds (Id. Art. 18-19 on pages 24 to 28). As part of the Agreement, the Respondent is bound to the Funds' respective Trust Agreements and rules. (See Ormsby Affidavit, paragraphs 37 and 40 to 44).

Both the Trust Agreements and Funds' rules mandate that the Employer must fully cooperate with the Funds and make the required contributions in full and on time. The Petitioners' rules require the contributing employers such as the Respondent, must pay the

3

employee benefit contributions due, in full and on time. (See Ormsby affidavit, paragraphs 37 and 40-44 and Exhibits "E" and "I" thereto).

The Funds commenced arbitration after the Respondent became seriously delinquent to the Funds, for the benefit contributions due as per the contract; and became delinquent in failing to file the required remittance reports and information with the Petitioners, in full and on time, for the time period of August of 2019 through the month of January 2025. Arbitration was commenced pursuant to the Agreement. The Arbitration was scheduled and conducted by Arbitrator Gary T. Kendellen on February 21, 2025. (See Ormsby Affidavit at paragraph 24).

Both parties appeared at the arbitration and had the opportunity to speak and to submit their evidence to the Arbitrator. Respondent's Chief Operating Officer, Mr. Jamie Wieland, appeared at the arbitration on behalf of the Respondent. Based on the evidence presented, the Arbitrator issued his Award in the case, dated March 10, 2025 (the "Award"). (See Ormsby Affidavit at paragraph 24 and see Exhibit "A" attached thereto).

The Arbitrator issued the Award in favor of the Petitioners, and against the Respondent. The Award directed the Respondent to pay Petitioners the total Award amount due of $2,033,090.87. The $2,033,090.87 total Award amount due represents the following items.

The Award amount due covers the past due employee benefit principal contributions due, from the Respondent, plus the interest and liquidated damages due on that principal, for the time period of August of 2019 through the month of January 2025, in the amount of $2,012,549.62. (See Ormsby Affidavit, and see page five of Ex. "A" thereto). In addition to the $2,012,549.62 amount due to Petitioners, the Award also directed Respondent to pay Petitioners' their attorney's fees, which were incurred in the arbitration, in the amount of $20,541.25.

4

These two amounts, the $2,012.549.62 plus the $20,541.25 amount, when added together, equal   the grand total Award amount due from the Respondent to Petitioners, which is total Award amount due of  $2,033,090.87. The Award further directed the Respondent to submit to Petitioners the missing hours worked by the Respondent's employees, for those employees whose names appeared on the missing hours worked report (the "MHR"). A copy of the MHR was submitted into evidence by the Petitioners at the arbitration hearing.

The Award specifically directed the Respondent to pay the total Award amount due to Petitioners and to submit the missing hours worked by the Respondent's employees, to Petitioners, within two weeks from the date of the Award.

More than two and a half months have passed since the date the Award was issued and as of today's date, the Respondent has failed to pay the Petitioners any of the total Award amount due of $2,033,090.87. In addition, Respondent has failed to submit   to the Petitioners,   all the missing hours worked by their employees, as listed on the missing hours report. The Respondent has taken no steps to comply with the Award. (See the Ormsby Affidavit, paragraph numbers 25 to 27).

Since the Respondent has blatantly refused to comply with the Award, the Petitioners were forced to file this motion for summary judgment to confirm the Award and obtain a judgment against the Respondent based on the Award. Petitioners seek and order and judgment form the court pursuant to the Labor Management Relations Act ("LMRA") 29 U.S.C. §185 and §9 of the Federal Arbitration Act, and pursuant to 9 U. S. C. Section 9, confirming the Award dated March 10, 2025. The Respondent to date has not appeared in the action and the Respondent has not retained an attorney to represent them in this case.

5

## ARGUMENT

## POINT I

## SUMMARY JUDGMENT IS APPROPRIATE

Section 515 of the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1145 provides as follows:

> "Every employer who is obligated to make contributions to a multi-employer plan under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms of such plans or agreement."

Petitioners have demonstrated the requisite material facts to obtain summary judgment against Respondent and are entitled to confirmation of the arbitration Award pursuant to section nine of the Federal Arbitration Act (the "FAA"). Petitioners have shown a collective bargaining agreement between Respondent and the union Local 32BJ; the contractual obligation on the Respondent's part to pay benefit contributions to the Funds; and the failure of the Respondent to do the following: (a) to submit the required employee benefits in full and on time to the Funds; (b) to submit the required reports and missing hours worked information to Petitioners; and (c) the Respondent's failure to make said contributions due, if any, on the missing hours worked on a timely basis, in violation of the agreement.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and... the moving party is entitled to a judgment as a matter of law." (Emphasis added).   Fed. R. Civ. P. 56(c). Whatever minor quibbles Respondent may raise; the Respondent cannot seriously dispute the material facts established by the Funds. Where the record as a whole cannot lead a rational trier of fact to find against the moving party, there is no "genuine issue for trial." Matsushita Elec.

6

Indust.Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 88 S. Ct. 1575, 20 L.Ed.2d 569 (1968). Petitioners have established its entitlement to judgment as a matter of law given the uncontroverted material facts set forth in this motion, and summary judgment must issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct.2505, 91 L.Ed.2d 202 (1986). In the case of the Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, SDNY Docket No. 14-CV-2508, 2015 U.S. Dist. LEXIS 46441 (S.D.N.Y. April 9, 2015),the court stated:

> "The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998). Conversely, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009) (citing Celotex Corp., 477 U.S. at 322-23). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (citing Celotex Corp., 477 U.S. at 322-23)."

## POINT II

### THE FUNDS ARE ENTITLED TO THE FULL GAMUT OF RELIEF MANDATED BY ERISA

Section 502(g) of ERISA, 29 U.S.C. 1132(g), provides that

"In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded; the Court **shall** award the plan: (emphasis added)

    (A)  the unpaid contributions;
    (B)  interest on the unpaid contributions;
    (C)  an amount equal to the greater of
    (i)  interest on the unpaid contributions; or

7

       (ii)    Liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A);

      (D)   reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

      (E)   such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code."

The provisions in the above-quoted section for interest, liquidated damages and legal fees are mandatory. Lewart v. Woodhull Care Center Associates, 549 F.Supp.879 (SDNY 1982). See also Carpenters Health Benefit Fund v. Ryan Construction Co., 767 F.2d 1170 (5 Cir. 1985); Gilles v. Burton Construction Co., 736 F.2d 1142 (7 Cir. 1984); Carriers Container Council v. Mobile S.S. Associates, 896 F.2d 1330 (11 Cir. 1990). Only after the missing hours worked by the Respondent's employees are submitted to the Funds' online system, can the exact amount of additional employee benefits due to the Funds, if any, be calculated by the Funds' electronic system. Once this calculation is completed, then the amount of delinquent principal contributions due to Petitioners, from Respondent, if any, can be correctly assessed. Once the additional principal contribution amount due is known, it cannot be mathematically disputed and then the Funds are entitled under ERISA and the union collective bargaining agreement, to pay the principal contributions due, plus interest and liquidated damages as per the Funds' plan. The Respondent is not relieved of the assessment of these payments, merely because it made some of the payments due for those months, for some of their employees. The Second Circuit decision in Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502 (2d Cir. 1995) addresses the Fund's entitlement to the full gamut of relief available to the Fund, even if the delinquencies have been paid during the pendency of a court proceeding. The Court held,

8

An employer cannot escape its statutory liability for interest, liquidated damages or double interest, attorney fees, and costs simply by paying the delinquent contributions before entry of judgment in a § 1132(g)(2) action brought to recover delinquent contributions. See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989) (stating that § 1132(g)(2)(C)(ii) "applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," and concluding that liquidated damage provision does not apply when all [*1507] contributions had been paid before suit was filed); Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988) (finding "correct interpretation of the plain language of the statute" to mean that term "unpaid contributions" means "contributions unpaid at the time suit was filed," and denying liquidated damages under § 1132(g)(2)(C)(ii) when all contributions had been paid before suit was filed); Carpenters Amended & Restated Health Benefit Fund, 767 F.2d at 1171-75 (5th Cir. 1985) (ruling that employer could not avoid award of statutory interest and attorney fees under § 1132(g)(2) through post-filing, prejudgment payment of the delinquent contributions); Gilles v. Burton Constr. Co., 736 F.2d 1142, 1146 n.6 (7th Cir. 1984) ("After suit is filed, we doubt that employers who are delinquent in their contributions can avoid the mandatory relief provisions of section 1132(g)(2) through the device of offering to pay only the overdue contributions. A settlement will require the agreement of the parties on the entire case--not merely part of the case.").

The Fund's Collection Policy (See, Ormsby Affidavit, Exhibit "E" and "I" thereto) mandates that benefit contributions are due by the 20th day of the month for the payroll periods ending in the preceding month. (Collection Policy Section I.A.2) The rate of interest established in the Fund's collection policy is 9% (Collection Policy Section III .A.1) and the rate of the liquidated damages are assessed at "20% of the total principal due unless the delinquency is resolved without the need for arbitration or litigation." (Collection Policy Section III.B.) If after the missing hours worked are uploaded to the Funds' electronic system by Respondent and the resulting calculation shows there are principal contributions due from Respondent to Petitioners, then the Funds' formula for calculation of interest on those late payments due must be applied to the past principal due. Likewise regarding the liquidated damages due on any such principal, the Liquidated damages shall be calculated at 20% of the delinquent principal, in accordance with the Funds' collection

9

policy and trust agreements. These assessments are mandatory under ERISA. <u>Trs. of the Bldg.</u> <u>Serv. 32B-J Health Fund v. Triangle Servs.</u>, S.D.N.Y. Docket No. 05-2546, 2006 U.S. Dist. LEXIS 85612 (S.D.N.Y. November 21, 2006)

As noted above, the attorney's fee assessment in favor of the Funds are also mandatory. However, the reasonableness of the fee is at the discretion of the Court. <u>Bricklayers District</u> <u>Council Welfare Fund v. Pony Masonry Construction Co., Inc.</u>, 1995 U.S. Dist. Lexis 17501 (S.D.N.Y.  November 21, 1995). The Funds propose that following the Court's ruling on the overall application for summary judgment and confirmation, that the Funds be granted such reasonable time as the Court directs to submit an updated application for attorney's fees.

## POINT III

### THE FUNDS ARE ENTITLED TO THE FULL GAMUT OF RELIEF MANDATED BY THE COLLECTIVE BARGAINING AGREEMENT

While full relief to the Funds is available under ERISA, the Funds are entitled to the identical relief pursuant to Section 301 of the Labor-Management Relations Act (29 U.S.C. 185). Under Section 301 of the LMRA, an employer may be held liable for failing to make contributions to employee benefit plans as required by a collective bargaining agreement. "The Respondent's failure to remit the required reports and information and failure to remit the  (and late payment of) contributions to the Plans is a breach of the CBAs entitling the plaintiff to damages. <u>Brown v.</u> <u>C. Volante Corp.</u>, 194 F.3d 351, 354 (2d Cir. 1999); <u>Baldracchi v. Pratt & Whitney Aircraft Div.,</u> <u>United Technologies Corp.</u>, 814 F.2d 102, 104 (2d. Cir. 1987).   While, the Funds are not seeking double the relief, the Fund is nonetheless entitled to the full gamut of contractual relief, even if the ERISA relief was somehow not available.

10

**POINT IV**

**THE RESPONDENT'S DEFENSES TO THE FUNDS' CLAIMS FOR MISSING INFORMATION AND FAILURE TO PAY THE REQUIRED CONTRIBUTIONS ARE EXTREMELY LIMITED**

As noted, an employer's defenses to the ERISA action are very limited. "Once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligations by raising defenses that call into question the union's ability to enforce the contract as a whole". Benson v Brower's Moving and Storage Inc., 907 F3d 310, 314 (2nd Cir. 1990).

"ERISA collection cases are exceptions from the general rule of equity, that equity will not enjoin either prohibitively or mandatorily the payment of money." Demolition Workers Union Local 95 Insurance Annuity and Pension Funds v. Mackroyce Contracting Corp. 2000 U.S. Dist Lexis 3548*27 (S.D.N.Y. March 22, 2000), citing Central States v. Hester, 1984 U.S. Dist Lexis 15454*5-6 (N.D. Ill July 6, 1984.) Central States stands for the proposition that as a matter of law, a contributing employer's failure to make required contributions compromises the financial soundness of fringe benefit funds and results in irreparable harm. 1984 U.S. Dist Lexis 15154 at *6. Accord, Laborers Fringe Benefit Funds v. Northwest Concrete and Construction Inc. , 640 F.2d 1350 (6th Cir. 1981); Board of Trustees v. Dibella Roofing , Inc. 2005 U.S. Dist Lexis 30146*12 (E.D.N.Y. October 26, 2005); King v. Nelco Industries 1996 U.S. Dist Lexis 22521 (E.D.N.Y. October 29, 1996). Courts have consistently ordered injunctive relief to be imposed upon employers who ignore their ERISA obligations. See Demolition Workers, supra.; See also, Chartier v. J & F Management Corp., 1992 U.S. Dist Lexis 17853 (S.D.N.Y. November 25, 1992); McCrory v. G.C. Monaco Electric, Inc., 1989 U.S. Dist Lexis 7573 (S.D.N.Y. July 5, 1989).

The lingering delinquency of contributions due to the Funds, damages the Funds' ability

11

to meet its continuing fiduciary duty to provide benefits to employees. The Funds' obligations to make payments to participants without receiving corresponding contributions, endangers the Funds' financial security. See Gould v. Lambert Excavating, Inc. 870 F.2d 1214 (7th Cir. 1989).

The Respondent herein appears to be unable or simply unwilling to make the required timely contributions and to submit the required reports and information to the Funds, in full and on time.

Pursuant to 29 U.S.C.§ 1145, "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms of such plan or such agreement". IBEW No. 910 Welfare, Annuity & Pension Plan v. Dexelectronics Inc,. 98 F. Supp.2d 265, 271 (N.D.N.Y. 2000). The ability to avoid this statutory obligation is extremely curtailed, limited to situations where the fund contributions would be otherwise illegal or where the collective bargaining agreement is void. Id.; See, Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 314 (2d Cir), cert denied, 498 U.S. 982, 112 L. Ed.2d 524, 111 S. Ct. 511 (1990).

**POINT V**

**THE ARBITRATOR'S AWARD MUST BE CONFIRMED**

Section 9 of the FAA provides, and states in relevant part, that the court "must grant" an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The caselaw in the Second Circuit and Third Circuit have noted that confirmation of arbitration awards is mandatory:

> We agree with the Second Circuit that the "confirmation of an arbitration award is a summary proceeding that merely makes what

12

> is already a final arbitration award a judgment of the court." Confirmation is the process through which a party to arbitration completes the award process under the FAA, as the award becomes a final and enforceable judgment. *See* 9 U.S.C. §13. The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding.

*Teamsters Local 177 v. United Parcel Serv.*, No. 19-3150, 2020 WL 4009998, at *5 (3d Cir. July 16, 2020) (quoting *Florasynth v. Picholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

The Supreme Court has held that Section 9 of the FAA "carries no hint of flexibility." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* (quoting 9 U.S.C. §9). The Court further noted that Section 9 "suggests that, so long as the parties contemplated judicial enforcement, the court must undertake such enforcement under the statutory criteria." *Id.* n. 6.

FAA Section 13 requires that, upon confirmation, the Court must enter judgment on the award. See 9 U.S.C. §13. See *Teamsters Local 177*, 2020 WL 400998, at *4 ("[o]nce confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all respects, as, and... subject to all the provisions of law relating to, a judgment in [any other] action.").

To date, the Respondent has not petitioned to vacate, modify or correct the Award and the time to do so has almost passed. This is wise, as there exists no legitimate basis to do so. A court's review of labor arbitration awards is "extremely limited." *News Am. Publ'ns, Inc. v. Newark Typographical Union Local 103*, 918 F.2d 21, 24 (3d Cir. 1990); *see also Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013); *see also Brentwood Med. Assocs. V. United*

13

*Mine Workers,* 396 F.3d 237, 240-41 (3d Cir. 2005). The "exceedingly narrow circumstances" listed in 9 U.S.C. §10(a) provide for vacating an award (1) where the award was procured by fraud or undue means, (2) where there was evident partiality or corruption in the arbitrator, (3) where the arbitrators were guilty of misconduct or misbehavior "by which the rights of any party have been prejudiced," or (4) where the arbitrator exceeded their powers, or "so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

Consequently, any attempt to set aside this Award by the Respondent would be meritless. Having entered into the CBA, Respondent bargained for the Arbitrator's judgment of the appropriate remedy. *See United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960). It is clear that the Arbitrator's Award draws its essence from the CBA and associated Fund documents. Accordingly, Section 9 of the FAA mandates that the Award be confirmed. (9 U.S.C. §9.)

## CONCLUSION

Based upon the above, the Funds respectfully requests that the Court grant the Funds' motion for summary judgment and confirm the arbitration Award dated March 10, 2025 in its entirety; and grant the Funds a judgment based on the Award, and further award the Funds their attorney's fees and court costs incurred in this matter, plus issue a judgment order a judgment directing Respondent to: (a) immediately submit to the Funds the $ 2,033,090.87 amount due to Petitioners as directed in the Award, plus the interest due on that amount from the date of the Award; (b) to immediately submit to Petitioners the missing hours worked, by Respondent's employees as per the Award; and (c) to pay Petitioners any additional contributions due, if any, to Petitioners, which will be calculated after the missing hours worked by Respondent's employees are submitted and uploaded to Petitioners' online system; and issue judgment ordering the

14

Respondent to pay the Petitioners' attorney's fees and costs incurred in this case; and such other and further relief as the court deems appropriate.

Dated: Fort Lee, New Jersey
      June 5, 2025

Respectfully submitted,
Raab, Sturm & Ganchrow, LLP

*Maura Breen*

By: Maura Breen (MB-1258)
Attorneys for Petitioners
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
Phone: 201-292-0150
Fax:   201-292-0152
Email:mbreen@rsgllp.com

15

## CERTIFICATION

This will certify, pursuant to Local Civil Rule 7.1, that this Memorandum of Law in Support of the Petitioners' Motion for Summary Judgment and Confirmation of the Award, as per the "Word" program count, is 4456 words.

_Maura Breen_  6/5/24
Maura Breen

16