UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND; BUILDING SERVICE 32BJ LEGAL SERVICES FUND; THE THOMAS SHORTMAN TRAINING, SAFETY AND SCHOLARSHIP FUND; THE CONNECTICUT DISTRICT PENSION FUND; and THEIR BOARD OF TRUSTEES,

                            Petitioners,

-v.-

COASTAL CLEANING LLC,

                            Respondent.

25 Civ. 2558 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund; the Building Service 32BJ Legal Services Fund; the Thomas Shortman Training, Safety and Scholarship Fund; the Connecticut District Pension Fund; and their Board of Trustees (collectively, "Petitioners" or the "Funds") move for summary judgment in support of their petition to confirm an arbitral award (the "Award"). An arbitrator found that Respondent Coastal Cleaning LLC had failed to make required benefit contributions to the Funds and accordingly awarded Petitioners more than $2 million and other relief. Petitioners' motion to confirm is unopposed; at arbitration, Respondent did not dispute the Funds' assertions that it was delinquent in making its contributions, and before this Court, Respondent has not responded to Petitioners' motion or even entered a notice of appearance. For the reasons

below, the Court grants Petitioners' motion to the extent it seeks to confirm the Award, but denies the motion to the extent it seeks new relief.

## BACKGROUND[1]

### A. Factual Background

Petitioners are jointly administered multi-employer labor management trust funds. (Pet. 56.1 ¶ 1). They are established and maintained pursuant to collective bargaining agreements — as relevant here, agreements between the Service Employees' International Union, Local 32BJ (the "Union") and Respondent. (*Id.* ¶¶ 1, 6; Ormsby Decl. ¶¶ 4-5, 16-17, 19-20; Pet. Br. 1; *see also* Ormsby Decl., Ex. B, D). The Funds' purpose is to receive contributions from employers, like Respondent, who are parties to the agreements and, in turn, to invest and distribute those contributions to eligible employees. (Pet. 56.1 ¶ 2; Ormsby Decl. ¶ 5). The Funds are administered and maintain their office in Manhattan. (Pet. 56.1 ¶ 3).

Respondent is a for-profit Connecticut limited liability corporation that provides cleaning and maintenance services for buildings and facilities throughout Connecticut. (Pet. 56.1 ¶ 4). As a party to the collective bargaining agreements with the Union, Respondent is required to make monthly employee

---

[1] The facts set forth in this Opinion are drawn from Petitioners' submissions in connection with their motion for summary judgment, including Petitioners' Local Civil Rule 56.1 Statement ("Pet. 56.1" (Dkt. #15)); the Declaration of Thomas Ormsby ("Ormsby Decl." (Dkt. #13)) and attached exhibits ("Ormsby Decl., Ex. [ ]"); the Declaration of Maura Breen ("Breen Decl." (Dkt. #14)); and Petitioners' Memorandum of Law in support of their motion ("Pet. Br." (Dkt. #12)).

Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents and testimony cited therein.

benefit contributions to the Funds on behalf of its eligible employees. (*Id.* ¶ 6; Ormsby Decl. ¶ 21). The agreements also require Respondent to submit to the Funds reports of the hours worked by its employees. (Ormsby Decl. ¶ 21).

The instant dispute arose because Respondent failed to fulfill those obligations. Respondent did not make the required contributions for the time period August 2019 through January 2025, nor did it submit required reports for the hours certain of its employees worked. (Pet. 56.1 ¶ 10; Ormsby Decl. ¶ 23; Pet. Br. 2, 4-5).

To recover the missing contributions and reports, Petitioners initiated arbitration proceedings before Arbitrator Gary T. Kendellen (the "Arbitrator"). (Ormsby Decl. ¶ 15; *id.*, Ex. A (Award)). Petitioners sought an award of the unpaid benefit contributions plus interest, liquidated damages, and attorneys' fees, as well as a direction to Respondent to provide the missing hours reports. (Award; *see also* Pet. Br. 2-3). At the arbitration hearing, Respondent, through its Chief Executive Officer, Jamieson F. Wieland, conceded that it had failed to make the required contributions and submit the required hours reports. (Award at 2-4). Respondent asked only for a payment schedule to pay back the delinquent contributions (to avoid immediately having to pay the outstanding contributions in full) and for reduced interest and liquidated damages payments. (*See id.* at 3-4).

The Arbitrator denied Respondent's request, awarded Petitioners $2,033,090.87 (comprising $2,012,549.62 in past due contributions, interest, and liquidated damages, and $20,541.25 in attorneys' fees), and directed

Respondent to provide the missing hours reports to Petitioners — each due within two weeks of the Award. (Award at 5; Ormsby Decl. ¶¶ 9-12). In the event that Petitioners needed to commence an action of this type to confirm the Award, the Arbitrator also prospectively awarded Petitioners the attorneys' fees and costs incurred in bringing the action. (Award at 5). The Award said nothing about whether and how Respondent would pay any additional contributions owed that could be calculated upon receipt of the missing hours reports. (*See id.*).

**B.     Procedural Background**

Petitioners seek an order and judgment from this Court pursuant to Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, confirming the Award. (Ormsby Decl. ¶ 15; Pet. Br. 5). Petitioners filed a petition to confirm the Award on March 27, 2025 (Dkt. #1), which the Court directed Petitioners to re-submit as a motion for summary judgment (Dkt. #6). *See D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (observing that proceedings to confirm an arbitration award should be "treated as akin to a motion for summary judgment"). Petitioners did so on June 5, 2025, including with their submissions a supporting memorandum of law, a Rule 56.1 statement of material facts, and affidavits from their Director of Billing and Employer Services, Thomas Ormsby, and their attorney of record, Maura Breen. (Dkt. #11-15).

In their memorandum of law, Petitioners request a variety of forms of relief from the Court. They ask that the Court order Respondent to immediately remit the $2,033,090.87 owed them under the Award, plus interest. (Pet. Br. 14). And they request immediate submission of the missing hours reports, which the Award directed Respondent to provide. (*Id.*). But Petitioners also ask that the Court order Respondent to pay any additional contributions Respondent owes that can be calculated upon receipt of the missing hours reports — a form of relief the Award does not address. (*Id.*; *see* Award). Finally, Petitioners ask for attorneys' fees and costs incurred in bringing this case, and any further relief the Court deems appropriate. (Pet. Br. 14-15).

Respondent's opposition was due by July 7, 2025 (Dkt. #10), but to date Respondent has neither filed such opposition nor appeared in this action.

## DISCUSSION

**A.     Applicable Law**

   **1.     Confirmation of Arbitration Awards**

In the Second Circuit, the confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Accordingly, a court's inquiry is narrow in scope: it is obligated to confirm an arbitration award "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d

5

Cir. 1991)). Indeed, "[o]nly 'a barely colorable justification for the outcome reached' by the arbitrators is necessary [for the court] to confirm [an] award." *Id.* (quoting *Landy Michaels Realty Corp.* v. *Loc. 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

This is particularly true with respect to labor arbitration awards. "Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y.* v. *Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). In the Second Circuit, it is "well established" that judicial review of a labor arbitration award is "narrowly circumscribed and highly deferential — indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). The court's task is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by the [LMRA]" — that is, that the arbitrator was "'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)).

### 2. Summary Judgment Under Federal Rule of Civil Procedure 56

Courts in the Second Circuit typically treat an unopposed motion to confirm an arbitration award as a motion for summary judgment. *D.H. Blair & Co.*, 462 F.3d at 109; *see also, e.g.*, *INTE Secs., LLC* v. *Skybell Techs., Inc.*, No. 23 Civ. 3241 (KPF), 2024 WL 757332, at *4 (S.D.N.Y. Feb. 23, 2024); *Trs.*

*for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund* v. *Ideal Interiors, Inc.*, No. 23 Civ. 5110 (KPF), 2023 WL 7005229, at *3-4 (S.D.N.Y. Oct. 24, 2023). Accordingly, when faced with such a motion, a court must determine — drawing "all justifiable inferences" in favor of the nonmoving party, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) — whether "no genuine dispute [of] any material fact" exists as to the legitimacy of the subject arbitration award and "the movant is entitled to judgment as a matter of law" in accordance with Federal Rule of Civil Procedure 56(a). Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and it is genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where (as here) a motion for summary judgment is unopposed, summary judgment may still be denied "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production[.]" *Vt. Teddy Bear Co., Inc.* v. *1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Further, in determining whether an unchallenged movant has met its burden, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement." *Id.* Rather, the court "must be satisfied that the citation to evidence in the record supports the [movant's] assertion." *Id.*

7

**B.     Analysis**

The Court finds that no genuine dispute of material fact exists as to the Award's validity.  In support of their motion for summary judgment, Petitioners submitted as evidence the collective bargaining agreements between the Union and Respondent.  (Ormsby Decl., Ex. B, D; *see also id.* ¶¶ 16-20).  Those agreements require Respondent to make contributions to the Funds for all eligible employees.  (Pet. Br. 3 (citing Ormsby Decl., Ex. B at 24-28)).  The agreements further require Respondent to submit reports of the hours worked by its employees.  (Ormsby Decl. ¶¶ 20-21; *id.* ¶¶ 40-43 (citing *id.*, Ex. F-I)).  As evidence that Respondent did not fulfill those obligations, Petitioners submitted the Award itself.  (*See generally* Award).  There, the Arbitrator explained that Respondent did not dispute any of Petitioners' claims and instead only asked for a payment plan and to reduce the amount of liquidated damages and interest.  (*Id.* at 2-4).  Specifically, the Arbitrator wrote that Respondent's "[n]on-[p]ayment of [f]unds" was "undisputed" and quoted an email in which Mr. Wieland, Respondent's CEO, stated that he was "not in dispute of [Petitioner]'s numbers."  (*Id.* at 3).  Further, the Arbitrator referenced a document Mr. Wieland submitted that provided financial, staffing, and management personal health justifications for — and, by the same token, an admission of — Respondent's failure to make the required contributions.  (*See id.*).  As for the missing hours reports, the Arbitrator explained that Respondent "believes it has fallen behind" in providing them.  (*Id.* at 2).

8

As such, the Court concludes that the evidence presented by Petitioners is sufficient to "support[ ] the[ir] assertion" that the Award is justified. *Vt. Teddy Bear*, 373 F.3d at 244. In other words, the Court cannot conclude that, in rendering the Award, the Arbitrator "ignore[d] the plain language of the [collective bargaining agreement]" or failed to "even arguably constru[e] or apply[ ] the [agreement] and act[ ] within the scope of his authority." *Nat'l Football League Mgmt. Council*, 820 F.3d at 532 (quoting *Misco, Inc.*, 484 U.S. at 38). Indeed, such a conclusion would contradict Respondent's agreement with Petitioners that it had failed to make the required contributions and submit the required reports. Put differently, the parties agreed that Respondent failed to fulfill its obligations under the collective bargaining agreements, and the Award merely ratified that agreement. Accordingly, the Court finds far more than "a barely colorable justification for the outcome reached" and confirms the Award. *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797).

Conversely, the Court finds that no grounds exist for setting aside the Award in this case. None of the statutory grounds for vacatur applies: the record does not indicate that (i) Petitioners acquired the Award via corruption, fraud, or undue means; (ii) the Arbitrator was unfairly biased; (iii) the Arbitrator engaged in misconduct or prejudicial behavior; or (iv) the Arbitrator acted beyond the explicit scope of his powers. *See* 9 U.S.C. § 10(a) (providing the four statutory grounds for vacatur of an arbitral award). Additionally, none of the evidence demonstrates a "manifest disregard of the law" by the

9

Arbitrator. *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (quoting *Goldman* v. *Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002)).

Confirmation of the Award, however, does not mean the Court grants the full gamut of relief Petitioners seek. Broadly speaking, the Court grants Petitioners' requests to the extent they ask the Court only to order relief that the Arbitrator has already awarded. It awards damages and arbitration-related attorneys' fees and costs in the full amount of $2,033,090.87. The Court also awards prejudgment interest at an interest rate of 9%, running from the date of the Award (March 10, 2025) to the date of the judgment in this case. *See N.Y. Hotel & Gaming Trades Council, AFL-CIO* v. *123 Washington LLC*, No. 24 Civ. 7213 (KPF), 2025 WL 2223248, at *11-12 (S.D.N.Y. Aug. 5, 2025) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (quoting *N.Y.C. Dist. Council of Carpenters* v. *Metro Furniture Servs. LLC*, No. 11 Civ. 7074 (HB), 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012))). And it will award post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961. *See Trs. for the Mason Tenders Dist. Council Welfare Fund* v. *Euston St. Servs., Inc.*, No. 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) ("Awards of post-judgment interest under § 1961 are mandatory ... and apply to actions to confirm arbitration awards[.]" (citing *Cappiello* v. *ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013); *Westinghouse Credit Corp.* v. *D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004))).

But by requesting that the Court order Respondent to pay Petitioners the additional contributions owed that can be calculated upon receipt of the missing hours reports, Petitioners go beyond a request for mere confirmation of the Award; they seek modification. Because none of the statutory grounds is present to justify a modification or correction of the Award, the Court will not grant that particular relief. *See* 9 U.S.C. § 11; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-83 (2008) (holding that 9 U.S.C. § 11 provides the FAA's exclusive grounds for modifying an arbitral award).

Further, Petitioners ask for the attorneys' fees and costs incurred in bringing this action, which is relief the Award prospectively provided. (Award at 5). But the Court is unable to grant Petitioners fees and costs at this time because Petitioners have not provided the Court with an accounting of those expenses. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *5-6 (S.D.N.Y. Nov. 19, 2020) (discussing circumstances in which courts can award attorneys' fees for actions brought to enforce an arbitral award); *see also N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[C]ontemporaneous time records ... should specify, for each attorney, the date, the hours expended, and the nature of the work done."). It thus denies the request without prejudice to its renewal on a more complete record.

**CONCLUSION**

For the foregoing reasons, Petitioners' motion for summary judgment is GRANTED IN PART and DENIED IN PART.  The Court confirms the Award as described above.  However, the Clerk of Court is not directed to enter judgment at this time because of the Court's denial without prejudice of Petitioners' request for the award of attorneys' fees and costs.  Should Petitioners wish to renew that request, they are ORDERED to submit, within one week of the date of this Opinion, a supplemental brief substantiating their request for the attorneys' fees and costs incurred in bringing this action.

The Clerk of Court is directed to terminate the motion pending at docket entry 11.

SO ORDERED.

Dated:     November 13, 2025
           New York, New York

                                    _____
                                         KATHERINE POLK FAILLA
                                         United States District Judge